NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MANOJ SONDHI, | : | Civil No. 20-13986 (RBK/SAK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MCPHERSON OIL CO., *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants McPherson Oil Company and

Thomas Bridgewater's ("Defendants") Motion to Dismiss for Improper Venue, or alternatively,

to transfer venue to the U.S. District Court for the Northern District of Alabama pursuant to 28

U.S.C. § 1406(a). (ECF No. 10). The reasons set forth in the Opinion below, Defendants' Motion

is **DENIED**. The Court will, however, transfer the action to the U.S. District Court for the

Northern District of Alabama sua sponte pursuant to its authority under 28 U.S.C. § 1404(a).

## I.     Background

### a.  Factual Background[1]

This case arises out of a collision between two trucks on an interstate in Alabama.

Defendant McPherson Oil Company ("McPherson") is an Alabama corporation and has its

principal place of business at 5051 Cardinal Street, Trussville, Alabama, 35173. (Am. Compl. ¶

---

[1] All facts in this section are taken from Plaintiff's Amended Complaint (ECF No. 4, "Am. Compl.").

2). Defendant Thomas Bridgewater is domiciled at 110 Sweetwater Lane, Trussville, Alabama, 35173. (*Id.* ¶ 3). Defendant Bridgewater was an employee or agent of Defendant McPherson at the time of the incident. (*Id.* ¶ 16).

On October 10, 2018, Plaintiff Manoj Sondhi ("Plaintiff") was driving a truck on Interstate 59 near mile marker 142 in Alabama. (*Id.* ¶ 6). Defendant Bridgewater was operating a truck belonging to McPherson on the same interstate at that time. (*Id.* ¶¶ 7, 9, 14). Around 8:15am, the truck operated by Defendant Bridgewater collided with Plaintiff's truck. (*Id.* ¶ 6, 8). Plaintiff sustained physical injuries as a result of the collision. (*Id.* ¶¶ 10, 12, 17).

### b. Procedural Background

Plaintiff filed suit in this Court on October 6, 2020, invoking the Court's diversity jurisdiction under 28 U.S.C. 1332(a). (ECF No. 1). Plaintiff amended his complaint on October 20, 2020. (ECF No. 4). In the Amended Complaint, Plaintiff asserts claims against Defendant Bridgewater for negligence and Defendant McPherson under theories of respondeat superior and negligent entrustment. (Am. Compl. ¶¶ 11, 12, 14–17). On January 29, 2021, Defendants moved to dismiss the Amended Complaint for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 5, "First Motion to Dismiss"). Plaintiff then submitted proof of service of the Amended Complaint, (ECF Nos. 6, 7), and Defendants subsequently withdrew their First Motion to Dismiss on March 1, 2021. (ECF No. 8). On March 17, 2021, Defendants moved to dismiss the Amended Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer the matter to the U.S. District Court for the Northern District of Alabama under 28 U.S.C. § 1406(a). (ECF No. 10, "Second Motion to Dismiss"). Plaintiff has not responded to Defendants' Second Motion to Dismiss.

## II.    Legal Standard

In a federal civil case, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" *Id.* at § 1391(c)(2). In states with multiple judicial districts, a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" *Id.* at § 1391(d). A natural person is deemed to reside "in the judicial district in which that person is domiciled[.]" *Id.* at § 1391(c)(1).

Pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3), a federal court may dismiss an action that is brought in an improper venue. 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3). On a Rule 12(b)(3) motion to dismiss for improper venue, the moving party bears the burden of showing that venue is improper. *Bockman v. First Am. Mktg. Corp.*, 459 Fed. App'x 157, 160 (3d Cir. 2012) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982)). A court considering a Rule 12(b)(3) motion must generally accept a complaint's allegations as true, unless contradicted by the defendant's affidavits. *See Bockman*, 459 Fed. App'x at 158 n.1.

District courts may transfer a civil case to a different venue pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406. *Est. of Golembiewski v. Tuthill Corp.*, No. 19-18096, 2020 WL 3546676, at

3

*2 (D.N.J. June 30, 2020). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong district or districts shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which could have been brought." 28 U.S.C. § 1406(a). The Third Circuit has clarified:

> Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case. Thus, while either statute could theoretically provide a basis for the transfer of a case, only § 1406 can support a dismissal.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). When seeking transfer under § 1404(a), "[t]he burden of establishing the need for transfer ... rests with the movant." *Id.* at 879. "A court may consider affidavits and other evidence outside the pleadings when adjudicating a motion to transfer under 28 U.S.C. § 1404(a)." *Universal Atl. Sys., Inc. v. Honeywell Int'l, Inc.*, No. 17-4660, 2018 WL 1757727, at *2 (E.D. Pa. Apr. 12, 2018).

## III.   Discussion

### a.   Venue is Not Proper in the District of New Jersey

It is abundantly clear that venue is improper in this district under 28 U.S.C. § 1391.[2] Neither defendant resides in New Jersey, so § 1391(b)(1) does not apply.[3] All of the events

---

[2] Additionally, Plaintiff has not properly alleged venue in the Amended Complaint. Plaintiff states that "[v]enue is laid in this judicial district pursuant to 28 USC section 1332(a)." (Am. Compl. ¶ 5). As Defendant correctly points out, § 1332(a) pertains to subject matter jurisdiction, not venue.

[3] Though, as a corporation, Defendant McPherson may reside in any judicial district "in which [McPherson] is subject to the court's personal jurisdiction" under 28 U.S.C. § 1391(c)(2), there is no indication from the facts presented that McPherson would be subject to personal jurisdiction in New Jersey. Even if McPherson did reside in New Jersey under the venue statute, venue would still not be proper in New Jersey under § 1391(b)(1) because Defendant Bridgewater, a natural person, resides in Alabama for venue purposes. *See* (Am. Compl. ¶ 3); 28 U.S.C. § 1391(c)(1).

giving rise to this claim—*i.e.* the automotive accident and Plaintiff's resulting injuries—occurred in Alabama, meaning New Jersey is not a proper venue under § 1391(b)(2). And § 1391(b)(3) is inapplicable since, as discussed below, venue is proper in the Northern District of Alabama.

### b.  Waiver

Pursuant to Federal Rules of Civil Procedure 12(g)(2) and 12(h), however, "the defense of improper venue is waived if not raised in the first instance." *Hull v. Glob. Digital Sols., Inc.*, No. 16-5153, 2018 WL 4380999, at *11 (D.N.J. Sept. 14, 2018) (citing *Myers v. American Dental Ass'n*, 695 F.2d 716, 720 (3d. Cir.1982)). Rule 12(h) provides:

> (h) Waiving and Preserving Certain Defenses.
> > (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
> > > (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
> > > (B) failing to either:
> > > > (i) make it by motion under this rule; or
> > > > (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h). Rule 12(g)(2) states, in pertinent part, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

Prior to filing the instant motion to dismiss for improper venue under Rule 12(b)(3) on March 17, 2021, (Second Mot. To Dismiss), Defendants moved to dismiss the Amended Complaint for insufficient service of process pursuant to Rule 12(b)(5) on January 29, 2021, (First Mot. to Dismiss).[4] Because Defendants failed to raise an improper venue defense in their first Rule 12(b) motion as required by Rules 12(h)(1)(A) and 12(g)(2)—though it was available to them at that time—the Court finds that Defendants have waived this defense.

---

[4] Defendants voluntarily withdrew their first motion to dismiss on March 1, 2021, over a month after it was filed. (ECF No. 8).

Waiver converts an improper venue into a proper venue. *See Farley v. Cernak*, No. 15-5956, 2016 WL 162238, at *3 (E.D. Pa. Jan. 13, 2016) (noting that "Defendants' waiver makes this improper venue into a proper venue"). Therefore, venue in the District of New Jersey is now proper in this case, and consequently Defendants' motion to dismiss for improper venue must be denied. Likewise, the Court must deny Defendants' request to transfer pursuant to § 1406(a), as this section only governs to transfers where the original venue is improper. 28 U.S.C. § 1406(a); *Jumara*, 55 F.3d at 878.

### c. Transfer is Proper Pursuant to 28 U.S.C. § 1404(a)

Nonetheless, a district court may, sua sponte, transfer a case from one proper venue to another proper venue pursuant to 28 U.S.C. § 1404(a). *See Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011), as amended (Dec. 9, 2011) (recognizing a district court's sua sponte transfer under § 1404(a)); *Mazzola v. Prime EFS, LLC*, No. 20-13387, 2021 WL 4438175, at *5 (D.N.J. Sept. 24, 2021) (collecting cases); *Lester v. Gene Exp., Inc.*, No. 09-0403, 2009 WL 3757155, at *4 n.5 (D.N.J. Nov. 10, 2009) ("Even though Defendants' Motion to Transfer is based on § 1406(a), the Court can sua sponte consider transfer under § 1404(a)."). To reiterate, § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ...." 28 U.S.C. § 1404(a). The decision whether to transfer an action pursuant to § 1404(a) is ultimately within the Court's discretion. *Jumara*, 55 F.3d at 883; *Ziemkiewicz v. R+L Carriers, Inc.*, No. 12-1923, 2013 WL 505798, at *2 (D.N.J. Feb. 8, 2013)

As an initial matter, we must determine whether Plaintiff could have brought this action in any other federal district or division. *See* 28 U.S.C. § 1404(a). Defendants contend, and the Court agrees, that this action could have been brought in U.S. District Court for the Northern

District of Alabama because both defendants reside in Alabama, and Defendant McPherson maintains its principal place of business—and thus resides per § 1391(c)(2)—within the confines of that judicial district.[5] (Am. Compl. ¶¶ 2, 3); (Second Mot. to Dismiss, 7 n.2). As such, the Court finds that venue is proper in the Northern District of Alabama pursuant to § 1391(b)(1).[6]

Next, the Court must consider whether transfer is in the interest of justice and convenient for the parties and witnesses. A court evaluating whether transfer is appropriate under § 1404(a) must consider a wide range of public and private interests. *See Jumara*, 55 F.3d at 878. The pertinent private interest factors include:

> (1) [P]laintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Kulpinsky v. Innovairre Holding Co., LLC*, No. 21-0770, 2021 WL 3732876, at *5 (D.N.J. Aug. 24, 2021) (citing *Jumara*, 55 F.3d at 879). The relevant public interest factors include:

> (1) [T]he enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in

---

[5] Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the fact that Defendant McPherson's principal place of business, 5051 Cardinal Street, Trussville, AL 35173, (Am. Compl. ¶ 2), is located within jurisdictional bounds of the U.S. District Court for the Northern District of Alabama, GOOGLE MAPS, https://www.google.com/maps/place/5051+Cardinal+St,+Trussville,+AL+35173/@33.6482037,-86.5652104,17z/data=!3m1!4b1!4m5!3m4!1s0x888973432c64627d:0x6487989f95878137!8m2!3d33.6481993!4d-86.5630217 (last visited Nov. 17, 2021); 28 U.S.C. § 81(a)(3); U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, https://www.alnd.uscourts.gov/sites/alnd/files/Alabama_co_lines_withdivisions.jpg (last visited Nov. 12, 2021); *Demographics*, CITY OF TRUSSVILLE, https://trussville.org/about/demographics/ (last visited Nov. 17, 2021) ("Trussville is a city in Jefferson County, in the Birmingham-Hoover metro area. The community straddles Jefferson and Saint Clair counties."). *Cf. Weems v. Curry*, No. 14-7575, 2014 WL 7011534, at *1 n.1 (D.N.J. Dec. 11, 2014) (taking judicial notice of a property's location using Google Maps); *Watkins v. Westin*, No. 3:21-CV-164, 2021 WL 3824808, at *1 (E.D. Tenn. Aug. 26, 2021) ("Courts have applied Fed. R. Evid. 201 to take judicial notice of a city or county's location within a given judicial district.").

[6] Defendants also assert that the collision at issue took place within the jurisdictional bounds of the U.S. District Court for the Northern District of Alabama. (Second Mot. to Dismiss, 7, n.3). As we have already determined that venue is proper in that judicial district under § 1391(b)(1), the Court will not address this point.

deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citing *Jumara*, 55 F.3d at 879).

We find that the *Jumara* factors counsel in favor of transfer.[7] Defendant Bridgewater is domiciled in Alabama and Defendant McPherson is incorporated and has its principal place of business in that state as well. (Am. Compl. ¶¶ 2, 3). This case arose from a collision on an interstate in Alabama. (*Id.* ¶ 10). Potential non-party witnesses and evidence are thus presumably located in Alabama; there is no indication that any evidence or non-party witnesses are present in New Jersey. As to the public interest factors, transfer would likely serve judicial economy given all relevant acts occurred in Alabama. Alabama undoubtedly has a local interest in adjudicating this matter, which involves allegations of negligent driving by one of its citizens on one of its highways. In fact, the sole factor weighing against transfer Plaintiff's preference for a New Jersey forum. Though Plaintiff's choice of forum—here, Plaintiff's home forum—is entitled to significant weight, the *only* connection that New Jersey has to this action is the fact that Plaintiff is New Jersey resident. (*Id.* ¶ 1). Accordingly, justice and convenience require this Court to transfer the instant case to the U.S. District Court for the Northern District of Alabama.

## IV.   Conclusion

For the foregoing reasons, Defendants' Motion (ECF No. 10) is **DENIED**. This case shall, however, be **TRANSFERRED** to the United States District Court for the Northern District of Alabama pursuant to this Court's authority under 28 U.S.C. § 1404(a). An order shall issue.

Date: 11/17/2021

ROBERT B. KUGLER
United States District Judge

---

[7] Some of the *Jumara* factors are neutral and do not factor into the Court's analysis.